## HUGH WILSON v. KYLE'S EXECUTORS.

1. Suit for a money demand was brought upon a statutory bond for the partition of an intestate's estate. One of the sureties on the bond was deceased, and the suit was brought against his executors (and other defendants) in the county where his estate was being administered by them. They pleaded that another suit upon the same demand had been brought by the plaintiff in an adjoining county, where some of the defendants lived, and that it was still pending there; wherefore, they alleged that the court wherein the present suit was brought had no jurisdiction. *Held*, that the plaintiff's demurrer to this plea should have been sustained. The district court of the county where the suit was brought not only had jurisdiction, but it seems had exclusive jurisdiction as against the executors of the deceased surety.

2. The primary object of Article 1372, Paschal's Digest, allowing partition of an estate upon execution of a bond as therein required, was to provide a speedy mode of settling estates, and at the same time to transfer the responsibility of the debts from the estate to the obligors on the bond; and they, by the execution of the bond, become primarily liable for the debts of the estate.

3. In a suit on a partition bond by a creditor of the estate, it is immaterial whether the estate has been settled up or not.

APPEAL from Fort Bend. Tried below before the Hon. L. Lindsay.

The character of this action is clearly disclosed in the opinion of the court; and in view of the questions decided, there appears to be no occasion to detail the contents of the voluminous record.

The other suit, on which Kyle's executors founded their plea to the jurisdiction, was an action brought by the plaintiff Wilson in the Brazoria District Court, against the administrator of Coffee's estate and the sureties on his administration bond.

On the trial of the present cause, the court below held that the suit was improperly brought in Fort Bend county, and that the court of Brazoria county, where

Coffee's estate was administered, had exclusive juris-
diction; and thereupon the court dismissed the suit,
and the plaintiff excepted.

*Garnett & Garnett*, for the appellant.—Article 1423,
Paschal's Digest, page 346, fixes the counties in which
defendants shall be sued in all cases; and it specially
prohibits suit against executors and administrators, ex-
cept in the county where the estate is being adminis-
tered.    And where there are more defendants than one,
it permits suit to be brought in any county where either
defendant resides.    In this case, not only Kyle's estate
was being administered in Fort Bend county, but one
of his executors also lived in that county.    There is
nothing in the bond for partition, and certainly no law
which requires suit on it to be brought in Brazoria
county.    It is not payable at any specified place.    It is
of no higher dignity, and of no more binding force and
effect, than an ordinary promissory note; and suit on
this bond is certainly governed by the statute regula-
ting and fixing the counties in which all suits shall be
brought.    And we thought that, under the decisions of
this court in the following cases, viz., Mills v. Owens,
3 Texas, 145; Richardson v. Wells, 3 Texas, 223, and
Finch v. Edmondson, 9 Texas, 504; and 24 Texas, 234,
Headley v. Good, the Fort Bend District Court not
only had jurisdiction, but that its jurisdiction to render
a judgment against Kyle's estate on the bond sued on
was exclusive.

This court, in the cases cited, says that executors
and administrators cannot in any suit be sued out of
the county where the estate is being administered, ex-
cept in cases where an injunction is sought against a
judgment; in which case suit must be brought in the
county where the judgment was rendered.    The district

courts of this State are courts of general jurisdiction over all suits of every description where the matter in controversy amounts to or exceeds one hundred dollars. (See Paschal's Digest, Article 1405, page 343.) And there is no law giving any particular district court the exclusive jurisdiction to render a judgment on the bond sued on in this case, unless it be as against Kyle's estate.

This is not a suit against Coffee's estate, but against parties who have voluntarily, for a valuable consideration, undertaken the payment of plaintiff's debt; and it seems to us that Article 3715, Paschal's Digest, page 605, allowing a copy of the bond sued on to be used in evidence in the same manner as the original could be, was enacted with a view to cases of this character, so as to save the necessity of removing the original bond from the records.

Another reason given by the judge below for so unceremoniously dismissing this case was, that the plaintiff did not show by his pleading that all of Thomas J. Coffee's estate, which had been partitioned between the heirs, had been exhausted before bringing this suit.

The statute first cited, authorizing the bond for partition to be given and the estate taken out of the courts, provides "that the creditors shall have a lien on the property partitioned, to secure the ultimate payment of the aforesaid obligation." But that is for the creditor's benefit, and not for any one else; and he can foreclose his lien in this suit or not, just as he thinks best. (See 24 Texas, 234, Headley v. Good). The principals in the bond cannot insist on the lien being foreclosed, nor can the securities, so far as the plaintiff is concerned. They sustain no damage unless they pay the debt held by plaintiff, and when they do this they are subrogated to all the rights and liens of the creditors. (See Pas-

36—XXXV

chal's Digest, Art. 4787, page 803.) It is not deemed necessary to cite other authorities on this proposition. The securities as well as the principals are jointly and severally firmly bound by the bond, and are liable to the plaintiff on it. As an additional security, he has a lien on the property partitioned. But we submit that he can foreclose his lien in this or a subsequent suit, or not, just as he may desire. (24 Texas, 234.) A party holding a note secured by a mortgage can recover a judgment against the maker of the note, without foreclosing his lien or mortgage ; and there can be no difference in law between the bond sued on in this case and an ordinary promissory note, and no difference in the effect of a mortgage and the statutory lien. They are both the same.

*Harcourt & Kendall*, for the appellees.—An examination of this case as stated by appellants counsel, and the authorities cited, will, we think, fail to discover any error in the ruling of the court in sustaining the defendants' demurrer, and dismissing the cause.

This suit grows out of the administration of the estate of Thomas J. Coffee, which was administered in the county of Brazoria, and is based on the bond or obligation executed for the payment of the debts, as provided in Article 1372, Paschal's Digest.

By the express terms of the statute, this bond is required to be filed and recorded in said court.

The estate is not closed. The court in Brazoria has not lost its jurisdiction, and will not lose it until the last debt is paid. The court has surrendered its control of the property of the estate, and in lieu thereof has taken charge of the obligation ; has approved, and filed and recorded it, for the protection of creditors. Any creditor is authorized to sue on the obligation in his own name. The obligation is made payable to the

chief justice of Brazoria county, and he is the trustee for the creditors, and it must be sued on in the county where the trust estate is administered. The creditor has the privilege also of suing the distributees, and this must be done in the court where the estate was administered.

We think any other construction of this act would involve estates in inconceivable confusion, and authorize innumerable suits to be prosecuted in different counties at the same time, and for the same debt, as was attempted in the present case.

OGDEN, J.—There was error in the action of the district court in overruling the plaintiffs' demurrer to defendants' plea to the jurisdiction of the court in this cause. The action was brought on a partition bond, executed under the authority of Article 1372, Paschal's Digest, and was a simple obligation, by which the obligors bound themselves to pay the debts due from the estate of Thos. J. Coffee. And the statute provides that "any creditor shall have the right to sue on such obligation in his own name, and shall be entitled to judgment thereon for the amount of his claim." The statute further provides that the obligation shall be made payable to the chief justice of the county where the estate is being administered, and shall be filed and recorded in the office of the county court. These provisions of the statute were manifestly for the sole purpose of protecting the interest and securing the convenience of the creditors of the estate about to be distributed. The primary object of the statute was to provide a speedy mode for settling up estates, and giving to heirs and devisees their just proportion of the inheritance, and at the same time to transfer the responsibility of the debts from the estate to the obligors on

the bond.   We are therefore of the opinion, that on the execution of the obligation sued on, the makers thereof became primarily liable for all the debts due from the estate of Thos. J. Coffee, deceased, as fully as though the transfer had been made during the lifetime of the deceased ; and it may be presumed that the distribution of the estate, under the partition bond, was intended to operate as a final closing and settlement of the estate so distributed.

It is true that the statute, as a double security for the payment of the debts, gives the creditors the right to hold each distributee responsible for the  proportion he or she received from the estate ; but there can be no doubt that the creditor may, if he chooses, look to the partition bond alone for his debt, and if he does so, it is wholly immaterial whether the estate, for the partition of which the obligation was given, is settled or not, or where the same has been, or is being settled. The obligation is a personal one, and the obligors may be sued in the county where they, or either of them live.

Wm. J. Kyle, one of the obligors on the bond, died in Fort Bend county, and his estate was being administered there, and under the statute, that was the only proper county to bring suit against his executors.   The reason of the law for requiring suits to be brought in certain counties; as given by this court in Finch v. Edmonson, 9 Texas, 510, applies with great force in the case at bar.   The executor of Wm. J. Kyle, who resides in Fort Bend county, and who is the only one of the defendants who pleads to the jurisdiction of the court, complains that he, and the estate he represents, is not forced to answer in a distant county, in a suit upon a simple demand for money.   It is believed that not only the law, but the reason for the law, is opposed

to the rulings of the court in this cause, and that the plaintiff had a right to be heard in the district court of Fort Bend county.   The fact that there is a suit pending in Brazoria county against the administrator of the estate of Thos. J. Coffee, for the same demand, cannot in any wise affect the right to sue in Fort Bend county, since, if his suit was correctly brought in Brazoria county, which is exceedingly doubtful, still he could not demand the payment of the debt but once, and a plea of payment and satisfaction could be entered at any time in either suit; and while we would not hesitate to condemn the practice of attempting to prosecute two distinct suits, in different counties, for the same demand, we can take official cognizance of such cases only as are properly brought before us.   For the reasons indicated the judgment of the district court is reversed, and the cause remanded.

REVERSED AND REMANDED.